## UNITED STATES v. 44,549 SQUARE FEET OF LAND IN BOROUGH OF BROOKLYN, N. Y., et al.

### No. 501.

District Court, E. D. New York.

June 16, 1942.

Harry T. Dolan, Sp. Asst. to Atty. Gen., (Edward H. Murphy, Sp. Atty., of New York City, Department of Justice, of counsel), for petitioner-plaintiff.

Benjamin R. Leinhardt, of Brooklyn, N. Y., for defendants Domenico Comito, Rosa Comito, Enrichetta Desiderio and Annunzista De Rosa (Damage Parcels Nos. 9, 15 and 23).

Ira I. Gluckstein, of Brooklyn, N. Y., for defendants Zarette Realty Corporation and Alfonzio Patuono (Parcel No. 20).

David Silberman, of Brooklyn, N. Y., for Nicosia and others (Damage Parcel No. 22).

Dreyer & Traub, of Brooklyn, N. Y., (I. Nathanson, of Brooklyn, N. Y., of counsel), for James Conlon, mortgagee (Damage Parcel No. 22).

Joseph S. Byrne, of Brooklyn, N. Y., for defendant Josephine Molinelli and others (Parcel No. 16).

Lawrence H. King, of New York City, for Itale Barbieri, mortgagee (Damage Parcel No. 16).

William C. Chanler, Corporation Counsel, of City of New York, and A. S. Aleinikoff, Asst. Corporation Counsel, both of New York City, for City of New York.

CAMPBELL, District Judge.

This case comes before this court to determine the fair market value, as of April 14, 1941, the day of taking, of the land and improvements of Parcels Nos. 9, 15, 16, 20, 22, and 23, and to determine whether trade fixtures the property of the tenants, if any, of the barbershop, and the carpenter shop, on Damage Parcel No. 20, were taken and the sound value thereof.

I have viewed the land included, and taken, herein, but such view was taken after the improvements on the premises had been removed, and a new building had been erected thereon.

There is a sharp conflict in the evidence both as to the value of land and buildings.

The evidence as to land values offered on behalf of defendants, the unit being the value per front foot, is not easy of application as the lots all differ in depth, which would make is necessary to differ that unit as to each lot.

Park Avenue is a business Street, and the land fronting on Park Avenue has a greater square foot value than the land fronting on North Portland Avenue.

In a lot 20 x 100, two-thirds of its value is found in front 50 feet and one-third of its value in the rear 50 feet.

I have, therefore, fixed as the unit of value of Parcels Nos. 9, 15, and 16, fronting on North Portland Avenue, substantially $1.80 per square foot for the first

50 feet in depth from the avenue, and 90 cents per square foot for the depth of the property beyond the first 50 feet.

For Parcels Nos. 20, 22 and 23, fronting on Park Avenue, I have fixed as the unit of value substantially $2.10 per square foot for the first 50 feet in depth, from the avenue, and $1.05 per square foot for the depth of the property beyond the first 50 feet.

No such unit of value can be fixed for the improvements, but I have considered them in relation to what they added to the value of the land from many angles, such as replacement, less depreciation and obsolescence, by capitalizing the rentals, and what would be their fair market value on the market with the land as a real estate proposition, considered with reference to other sales and in other ways of comparison.

I find the fair market value of the said parcels, and the division thereof between land and improvements, to be as follows:

Parcel No. 9 fair market value $5,798 divided into land $2,398 improvements $3,400.

Parcel No. 15 fair market value $5,818 divided into land $2,418 improvements $3,400.

Parcel No. 16 fair market value $4,743 divided into land $2,143 improvements $2,600.

Parcel No. 20 fair market value $8,157 divided into land $3,607 improvements $4,550.

Parcel No. 22 fair market value $7,767 divided into land $2,417 improvements $5,350.

Parcel No. 23 fair market value $8,014 divided into land $2,364 improvements $5,650.

As to the claim of Alfonsio Patuono, tenant of the former barbershop on the premises Damage Parcel 20, it appears that a claim consisting of 16 items is made.

■ The evidence shows that all of the property described in those items, with the exception of items 7, 11, 12 and 14, had been removed by the tenant. The sound value of the property described in said items 7, 11, 12 and 14 as of the day of taking herein, is $87.50, but the tenant was not called as a witness, and there is no evidence to show that he installed the property covered by those items, or was the owner thereof, and those items were of such a character that they may well have been the property of the owner of the building, and were there when the tenant took possession, and formed part of the freehold. Therefore, in default of proof of ownership by the tenant, they are part of the freehold, and covered by the award for the improvements.

That claim is disallowed.

■ As to the claim of Zarette Realty Corporation, the owner of the land and improvements constituting Damage Parcel No. 20, a claim for trade fixtures comprising 18 items was made.

No award can be made, for any such items, as trade fixtures, to the owner of the land and buildings, as they form part of the freehold, and are covered by the award for improvements.

■ The whole doctrine of trade fixtures rests upon the existence of a relationship of landlord and tenant, to protect the tenant as to trade fixtures installed by him, and not removable without damage or injury to the freehold, or the fixture, or which having been made especially for the premises would not be valuable for use in some other place, which under the strict rule of the common law would have been part of the freehold, and the tenant would have been deprived of any recovery.

That claim is disallowed.